IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. KELLY, III,<br>            Plaintiff, | CIVIL ACTION |
| v. | |
| VERTIKAL PRESS, LTD,<br>            Defendants. | NO.  20-2315 |

## MEMORANDUM OPINION

Plaintiff Thomas J. Kelly III is a professional photographer residing in Pennsylvania. Defendant Vertikal Press, Ltd. is a business based in the United Kingdom.  Plaintiff sued Defendant for alleged violations of the Copyright Act, as amended, 17 U.S.C. § 101 *et seq.*, for posting Plaintiff's copyrighted photo of a crane accident on its website without authorization.  After Defendant failed to answer or otherwise respond, Plaintiff moved for entry of default judgment.  For the reasons that follow, the case will be dismissed for lack of jurisdiction.

**I.    FACTS**

Plaintiff photographed a bridge collapse—seemingly caused by a large crane driving over a small bridge—in Pottstown, Pennsylvania on May 15, 2017.  He registered five photos of the bridge collapse with the United States Copyright Office.  On May 16, 2017, Defendant ran a story titled *Crane Too Heavy for Bridge* on its website, Vertikal.net, featuring one of Plaintiff's photos of the Pottstown bridge collapse.  Plaintiff avers that Defendant did not have authorization to use the photograph and that this unauthorized reproduction amounts to copyright infringement under Sections 106 and 501 of the Copyright Act.  Plaintiff further alleges that the infringement was willful and intentional.

According to Plaintiff, Defendant's registered address is in Northamptonshire in the United Kingdom.  Plaintiff served Defendant by mailing a summons and copy of the Complaint

1

to Defendant's office via FedEx, which was signed for and delivered on May 29, 2020. An Answer was due on June 19, 2020. Defendant did not answer or otherwise file a responsive pleading. On September 25, 2020, Plaintiff requested the Clerk of Court to enter default. In his declaration, Plaintiff's attorney alleged that "[t]o date, we have not received a response to the Complaint." On October 13, 2020, the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) for failure to appear, plead, or otherwise defend.

Now, Plaintiff moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Plaintiff asks the Court to enjoin the Defendant from further infringement of Plaintiff's copyrighted works, seeks $150,000 in statutory damages for willful infringement of a registered copyrighted work pursuant to 17 U.S.C. § 504(c), and requests reasonable costs and attorney's fees in the amount of $ 11,702 pursuant to 17 U.S.C. § 505.

## II.   DISCUSSION

### A.   Jurisdiction

Because the Court does not have personal jurisdiction over the Defendant it cannot render a default judgment and must dismiss the case. A district court may assert personal jurisdiction "over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (internal quotation marks and citation omitted).[1] Under Pennsylvania's long-arm statute, a federal court has jurisdiction over a nonresident defendant to the extent permitted by the Due Process Clause of

---

[1] The Plaintiff bears the burden of proving the district court has personal jurisdiction over the defendant. *Id.* at 37. The plaintiff need only make a *prima facie* showing and may rely on inadmissible evidence to do so. *Id.* at 36-37; *D'Onofrio v. Il Mattino,* 430 F. Supp.2d 431, 438 (E.D. Pa. 2006). This means that the Plaintiff must produce evidence which, if believed, would be sufficient to establish personal jurisdiction.

the Fourteenth Amendment.  42 Pa. Stat. Ann. § 5322(b).  Personal jurisdiction can be either general, permitting the court to exercise jurisdiction over all claims against a defendant because it is essentially at home in the forum, or specific, permitting the court to exercise jurisdiction only over a defendant's forum-related activities.  *Id.*

As a preliminary matter, there is no general personal jurisdiction over Defendant.  Plaintiff has made no allegations to show that Defendant's "affiliations with [Pennsylvania] are so continuous and systematic as to render [it] essentially at home" in this forum. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations marks and citations omitted).  Plaintiff's bare allegation in its Complaint that "Defendant transacts business in Pennsylvania" is insufficient to establish that the U.K.-based company has continuous and systematic contacts with Pennsylvania.

Plaintiff argues, however, that there is specific personal jurisdiction over Defendant based on its commercially interactive website.  The exercise of specific personal jurisdiction is consistent with due process "only when the defendant has constitutionally sufficient 'minimum contacts' with the forum, and where subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (first quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); then quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  In evaluating the Defendant's contacts with the forum, the court must examine whether the Defendant has "availed [it]self of the privileges of [forum] law and the extent to which [it] could reasonably anticipate being involved in litigation in the [forum]." *Id.* at 370 (internal quotation marks and citation omitted).

The Third Circuit applies a sliding scale approach to determine whether a generally

available website evinces a purposeful availment of the forum state.  *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (applying the framework from *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).  Under this framework, websites are placed on a spectrum ranging from passive websites, on which information is merely posted, to interactive websites, which facilitate commercial transactions between the defendant and forum residents.  *Zippo*, 952 F. Supp. at 1124.  This Court has previously explained the spectrum as follows:

> A passive web site generally cannot serve as the basis for personal jurisdiction, and a commercial interactive web site generally is sufficient to establish minimum contacts.  [*Zippo*, 952 F. Supp. at 1124].  The middle ground on the *Zippo* spectrum is occupied by web sites through which business is not transacted directly, but which allow for some exchange of information.  *Id.*  The jurisdictional sufficiency of web site in the middle ground "is determined by examining the level of interactivity and commercial nature of the exchange of information." *Id*. However, the Third Circuit has emphasized that "the mere operation of a commercially interactive web site" is not enough establish personal jurisdiction in every location where the web site is available. *Toys "R" Us*, 318 F.3d at 454. Rather, in addition to commercial interactivity, "there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id.* at 454.

*Graphic Styles/styles Int'l LLC v. Kumar*, 2016 WL 299083, at *3 (E.D. Pa. Jan. 25, 2016).

Plaintiff alleges that Defendant's website, Vertikal.net, is "part of a purposeful effort on the part of Defendant to provide its services to Pennsylvania residents" and that Defendant purposefully availed itself of the forum by "conducting activity in the forum state via its website."  In support thereof, Plaintiff cites to the option to subscribe to a virtual newsletter on the website, and the ability to access information such as news, events, job postings, subscriptions, and data in a directory.

These allegations are insufficient to exercise personal jurisdiction over the Defendant. Assuming without deciding that the ability to subscribe to a regular newsletter moves this

website from "passive" to the middle category of *Zippo*, the level of interactivity is low. First, Plaintiff does not show that Defendant is selling goods to or conducting transactions with anyone via the website, let alone residents of Pennsylvania. Second, the website appears only minimally interactive. The screenshot of the Vertikal.net homepage provided by Plaintiff shows that site visitors can subscribe to an e-mail newsletter or send Vertikal a message via a "Contact Us" feature. There is no indication that these features facilitate communication or information exchange between website users and Defendant (*i.e.* are "interactive" features) particularly as Plaintiff admits that he has been unable to ascertain the extent of exchange between Defendant and users of the website.

Perhaps more importantly, Plaintiff has provided no evidence that the website directly targets residents of Pennsylvania or that Defendant has knowingly interacted with residents of Pennsylvania via the website. *Toys "R" Us*, 318 F.3d at 454. In fact, Plaintiff has not alleged that a single Pennsylvania resident has subscribed to or interacted with the Defendant via the website. The mere possibility that someone in Pennsylvania—as anywhere in the world—might contact the Defendant via the website does not constitute a purposeful contact with the forum.[2] *See Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 212 (3d Cir. 2014) ("Although [d]efendants' website may have informed potential customers in Pennsylvania of the possibility of appointments in the Commonwealth, there is no evidence [d]efendants received any web-based requests for appointments in Pennsylvania or transacted any business whatsoever with Pennsylvania residents via its website."). There is therefore no support for Plaintiff's bare

---

[2] The same can be said of Plaintiff's allegation at the motion hearing that Defendant generates revenue through advertising on its website. While the screenshot of the Vertikal.net homepage features ads, there is no indication that they were posted by or targeted towards Pennsylvania residents. Of course, many (if not most) websites feature ads. The mere presence of ads, without more, does not subject the operator of a website to the jurisdiction of every forum where a person or business might be able to post or view such an ad.

assertion that Defendant is "conducting activity in the forum state via its website."

Plaintiff's reliance on the holding of this Court in *Graphic Styles* is misplaced.  In *Graphic Styles,* defendants' commercial website allowed customers to purchase clothes online, advertised that the defendants were available to meet with clients in Pennsylvania by appointment, and publicized that defendants held business hours in Pennsylvania.  2016 WL 299083 at *2.  By advertising to Pennsylvania residents, encouraging them to make appointments with defendants, and promoting the defendants' semi-regular business in the state of Pennsylvania, the website was part of a purposeful effort to sell custom tailored clothes in the forum.  *Id.* at *4.  In contrast, Plaintiff here does not allege either: 1) that Vertikal.net provides for commercial transactions with Pennsylvania residents; or 2) that Vertikal.net specifically directs non-commercial activity towards an audience in Pennsylvania.  The only tangential connection to Pennsylvania is posting news stories that took place in Pennsylvania, which would not put Defendant on notice that it may be hauled into this forum to defend itself.  Such a finding would suggest that every news organization that covered a story that happened in Pennsylvania was subject to jurisdiction here.

In short, Defendant has insufficient minimum contacts with Pennsylvania to establish a purposeful availment of the law of the forum.  There is therefore no personal jurisdiction over Defendant with respect to Plaintiff's copyright claim.

An appropriate order follows.

**November 2, 2020**                                    **BY THE COURT:**

                                                       **/s/Wendy Beetlestone, J.**

                                                       _____
                                                       **WENDY BEETLESTONE, J.**